The Honorable James G. Dietz State Representative 7520 Highway 107 North Little Rock, AR 72116
Dear Representative Dietz:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. § 25-19-101 et seq.
Your first question pertains to the records of finalized traffic arrests, citations, and the disposition of those charges, as maintained by the Arkansas Department of Finance and Administration, Office of Driver Services. You have asked whether these records are subject to disclosure under the FOIA.
You have asked, secondly, whether the records of a person's criminal arrests and/or convictions, as maintained by the Arkansas State Police, are public records under the FOIA. You state that the files in question show a person's arrest, date of arrest, charge, arresting agency and disposition of the charges, and that the document is commonly called a "rap" sheet.
I assume that your first question pertains to the central driver records file maintained on every driver who receives a conviction for a moving traffic violation. See A.C.A. § 27-50-901. Section27-50-906 states that the Office of Driver Services may furnish an abstract of a driver's record to:
(1) The driver on whom the record has been compiled;
 (2) Any person who has been authorized in writing by the driver to obtain the driver's record;
 (3) Any court having jurisdiction over traffic offenses;
 (4) Any law enforcement officer who shall use the report only in the line of duty in enforcing the traffic laws of this state;
 (5) Employers of drivers, provided the driver has given his written consent for the employer to obtain the driver record;
 (6)(A) Any governmental department or agency upon a showing of reasonable cause as to why the driver record should be issued to such governmental department or agency in order for the governmental department or agency to effectively carry out its statutory duties.
 (B) No driver record shall be reported to any individual, except duly authorized officials of the office, unless a copy of the report and the name of the individual or organization which received the report is sent to the driver named in the report.
It is my opinion that A.C.A. § 27-50-906, supra, governs the release of the traffic violation records maintained by the Office of Driver Services. Although, as a general matter, all public records are open to inspection and copying under the FOIA, there is a recognized exception under the FOIA for records that are governed by "laws specifically enacted to provide otherwise." A.C.A. § 25-19-105(a). The expression of legislative intent under § 27-50-906 with respect to the release of an abstract of a driver's record by Driver Services is, in my opinion, sufficiently specific to remove the records from general disclosure to the public under the FOIA.
It should be noted, however, that all motor vehicle accident reports made by the Department of Arkansas State Police, and its records of traffic violations, are open to public inspection. A.C.A. § 27-53-209. Copies may be obtained from the Director of the Arkansas State Police or from his duly designated assistants for a fee of $2.00 per copy. A.C.A. § 27-53-210.
With regard to your second question, involving "rap" sheets, it is my opinion that the law pertaining to the Arkansas Crime Information Center ("ACIC") in all likelihood operates to prevent the release of these records. While this office has previously stated, and I concur, that arrest records are generally open to public inspection under the FOIA (Att'y Gen. Op. Nos. 87-115 and 86-020), it must be recognized that the compilation of information about which you inquire is maintained and collected for law enforcement purposes as part of an automated system under A.C.A. § 12-12-201 et seq.[1] See A.C.A. § 12-12-207. A "rap" sheet may be accessed through the Arkansas Crime Information System ("System"). The Arkansas General Assembly has clearly stated its intent to restrict access to these criminal records. Section 12-12-211 states:
 The center shall make criminal records on persons available only to criminal justice agencies in their official capacity, to regulatory agencies with specific statutory authority of access, and to any person or his attorney who has reason to believe that a criminal history record is being kept on him, or wherein the criminal defendant is charged with either a misdemeanor or felony.
A.C.A. § 12-12-211(a).
Section 12-12-212 states:
 Every person who shall willfully release or disclose to any unauthorized person any information authorized to be maintained and collected under this subchapter and any person who willfully obtains that information for purposes not specified by this subchapter shall be deemed guilty of a felony. Upon conviction that person shall be punished by a fine not exceeding five thousand dollars ($5,000) and by imprisonment in the state penitentiary for not exceeding three (3) years.
The Arkansas State Police and other state and local officials must furnish the "rap" sheet data to the ACIC. A.C.A. §12-12-209. The information is "authorized to be maintained and collected" under §§ 12-12-201 to -214. The requirement that the data be furnished to ACIC, coupled with the fact that the "rap" sheet is only accessible in some instances through the System, supports the conclusion that the prohibition against releasing the information to unauthorized persons encompasses the records in question. The records have, in my opinion, been exempted by statute from the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] This body of law established the Arkansas Crime Information Center and specifically limited access to the data available through the Arkansas Crime Information System. A.C.A. §§12-12-201, 12-12-203, 12-12-211, 12-12-212.